NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7067

ELLWOOD ELLIS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Ellwood Ellis, of Lubbock, Texas, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2008-7067

ELLWOOD ELLIS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0314, Judge Lawrence B. Hagel.

_____

DECIDED:   July 11, 2008
_____

Before Linn, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and Prost, <u>Circuit Judge</u>.

PER CURIAM.

The appellant Ellwood Ellis, a veteran, challenges the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirmance of the Board of Veterans Appeals ("Board")'s denial of an increased disability rating for post-traumatic stress disorder ("PTSD") with an earlier effective date and its denial of an earlier effective date for diabetes mellitus.  We affirm.

After protracted proceedings the Board awarded Ellis a 100 percent disability rating effective on January 29, 1998 for PTSD and 50 percent for July 1994 to January

1998. The Board also found that the earliest effective date for entitlement to service connection for diabetes mellitus was October 29, 1999 because no informal claim therefore had been filed prior to that date. Ellis argues that the Board did not give sufficient reasons for denying an increase from 50 percent to 100 percent disability for PTSD between 1994 and 1998, and that the Board failed to discuss the evidence that supported the higher disability rating. He also argues that the Board misapplied the law regarding the effective date for his diabetes claim.

Ellis contends that the Board and the Veterans Court did not give the evidence he presented regarding an increased disability rating for PTSD the proper weight. This court, however, has limited jurisdiction when reviewing a decision of the Court of Veterans Claims. This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(c). Ellis' arguments on this issue are, therefore, beyond the jurisdiction of this court.

Ellis also argues that the Board's decision on his PTSD claim failed to discuss certain evidence that supported his claim. A failure to "discuss particular contentions in a case" does not demonstrate that the tribunal did not consider them. Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1383 (Fed. Cir. 2007). In this case, there is no showing that in concluding that "there is no medical evidence even remotely suggesting that criteria for the assigned 50[percent] rating were met" prior to 1998, the Board did not consider all of the evidence that Ellis presented .

Finally, Ellis argues that the Board erred, as a matter of law, by not finding a postscript to a letter he sent to the Veterans Administration ("VA") to constitute an

informal claim for diabetes benefits. In the postscript, Ellis indicated his gratitude to a VA employee "for taking care of my health & diabetic problems." The Board correctly applied this court's precedent, and we cannot review the Board's ultimate finding of fact that Ellis was not entitled to an earlier effective date for diabetes.

We have considered all of Ellis' other contentions, but deem them unpersuasive.

The decision of the Veterans Court affirming the Board's decision regarding Mr. Ellis' eligibility for disability is

AFFIRMED.